IN THE UNITED STATES DISTRICT COURT

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 17 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

AFFIDAVIT OF IVAN CHAPA IN SUPPORT OF AFFIANT'S CONSTRUED 2255 MOTION

DOCKET NO.: 1:05 CR-254-JTC-3

---

### AFFIANT IVAN CHAPA IS HEREBY PRESENTING NEW FINDINGS OF THE SUPREME COURT RULING THAT WAS UNAVAILABLE DURING THE TIME AFFIANT FILED HIS MOTION THAT IS NOW CONSTRUED AS A 2255 MOTION

---

In light of the United States Supreme Court's findings and ruling in the case of Padilla v. Kenctucky, decided upon on March 31, 2010, which the justices found that, when an attorney or attorneys fail to advise their clients of the risk factors in pleading guilty, such amounts to ineffective assistance of counsel. The justices ruled that lawyers must be truthful to their client to avert misunderstanding or miscarriage of justice.

The rights to counsel efficiency is a guaranteed right. However, when counsels fail to be competent, incompetency and inadequate performance will only manifest into serious constitutional violation.

### PRESENTED FACTS OF INEFFECTIVE ASSISTANCE OF COUNSEL

Affiant Ivan Chapa hereby set forth this material affidavit as a true document bearing upon oath and under the full penalty of perjury to be true, correct and certain.

1.    That, this new ruling of the Supreme Court shed light upon my own case.

2.    That, after my arrest, my family hired Mr. Richard Alamia as my legal counsel and attorney. After having not more than 2 to 3 phone calls with Mr. Alamia prior to my guilty plea acceptance, I was assured by him that, my sentence would not be more than 5 years, and that I would not be deported from the United States.

3.    That, not only was I told that I would not be removed from the United States, Mr. Alamia told me that in any event or attempt to remove me from the United States, he would be my attorney and counsel at any immigration proceeding.

4.    That, I was being misinformed and was tricked by Mr. Alamia's incompetency and unprofessionalism, which causes me not to even think of taking my case to trial.

5.    That, because of my attorney's misguided information and untruthfulness, my rights to constitutional due process was affected.

6.    That, attached to this affidavit are affidavits of my family, those who were also tricked and deceived by Mr. Alamia's legal advice.

7.    That, my choice to go to trial or to plead guilty was affected by Mr. Alamia's misrepresentation which resulted in violation of my rights to proper representation.

8.   That, because of Mr. Alamia's ineffectiveness, I entered into a plea deal with the government not knowing that such would have affected my residency of the United States. That, the consequences of risk factors prior to entering a guilty plea must be highlighted by counsel. Thus, when counsels fail to inform their client about the dangers ahead, such affects the defendant's decision making.

As in my case, counsel's incompetency affected my decision making. That, I have lived for most of my life in the United States and for counsel to assure me that I would not be deported, I did believe in his honesty.

Specifically, I have requested of counsel's professional advice as to whether the guilty plea would affect my removal from the United States, and counsel assured me that it would not.

Respectfully presented,

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public, on this _7th_ day of June 2010, as a true document bearing upon oath and under the full penalty of perjury to be true, correct and certain.

Notary Public

STEPHANIE PEACOCK
Notary Public, Georgia
Dodge County
My Commission Expires
January 10, 2014

Ivan Chapa
#49858-179
McRae Correctional Facility
P.O. Drawer 30
McRae, GA 31055

-3-

## CERTIFICATE OF SERVICE

I, Ivan Chapa, hereby certify on this /5ᵗ day of June 2010, that I personally

mailed a legal mail to the clerk of court for the *Norther* District of Georgia.

The enclosed, are Affidavit of Ivan Chapa, Affidavits of his mother and brother,

all in support of Chapa's construed pending 2255 motion.

Respectfully,

Ivan Chapa
#49858-179
P.O. Drawer 30
McRae, GA 31055

AFFIDAVIT OF ANY FACT

STATE OF TEXAS
COUNTY OF HIDALGO
BEFOREME, THE NOTARY PUBLIC, DID PERSONALLY APPEAR ANIBAL ISAI CHAPA, WHOM DEPOSED AND
STATED UPON OATH THE FOLLOWING:

I, ANIBAL ISAI CHAPA, BROTHER OF IVAN DE JESUS CHAPA GONZALEZ, PRISON NO. 49858179, AM
WRITING THIS LETTER TO STATE THAT I HEREBY SET FORTH THIS AFFIDAVIT AS A TRUE MATERIAL
EVIDENCE BEARING UPON OATH TO BE THE TRUTH AND TRUTH ONLY, FACTS:

- I, ANIBAL ISAI CHAPA, BROTHER OF IVAN DE JESUS CHAPA GONZALEZ,  ARE A WITNESS THAT
  MR. RICHARD ALAMIA GAVE FALSE PROMISES IN REGARDS TO MY BROTHER'S CRIMINAL CASE
  ON OR ABOUT 2005. MR. RICHARD ALAMIA WAS PAID THE SUM AMOUNT OF $45,000 TO
  REPRESENT MY BROTHER IN THE FEDERAL COURT AND I HAVE FACTS THAT MR. ALAMIA DID
  NOT FULLY REPRESENT MY BROTHER CORRECTLY.
- I PERSONALLY RECEIVED A GUARANTEE FROM MR. ALAMIA THAT MY BROTHER IVAN DE JESUS
  CHAPA GONZALEZ WAS ONLY GOING TO HAVE A SENTENCE OF 4 TO 5 YEARS IN PRISON IF HE
  PLEADS GUILTY. THE TOTAL OF HIS SENTENCE WAS 12 YEARS, WHICH IS SOMETHING THAT MR.
  ALAMIA HAD NOT MENTIONED TO MY BROTHER NOR I, HIS FAMILY. MY BROTHER PLEAD
  GUILTY BECAUSE HIS LAWYER, MR. ALAMIA, ADVISED HIM THAT PLEADING GUILTY WOULD
  ALLOW FOR HIM TO ONLY RECEIVE 4 TO 5 YEARS IN PRISON, NOT 12. I ALSO READ THE FEDERAL
  DOCUEMNTS CONCERING MY BROTHER'S CASE, WHERE IT CLEARLY STATED THE SENTENCE OF
  MY BROTHER'S CASE WAS "10 YEARS TO LIFE," AND WHEN I ASKED THE LAWYER, HE SAID NOT
  TO WORRY ABOUT WHAT WAS IN THE DOCUMENTS, HE SAID THOSE WERE JUST PAPERS THAT
  DID NOT MEAN MUCH.
- I AM ALSO A WITNESS THAT MR. ALAMIA DID NOT HAVE A LICENSE TO BE A LAWYER IN
  GEORGIA, ONLY IN TEXAS WHERE HE RESIDES; HE NEVER TOLD US THAT HE DID NOT HAVE A
  LICENSE TO PERFORM FEDERAL COURT DUTIES IN ANOTHER STATE. MR. ALAMIA NEVER VISITED
  MY BROTHER TO ADVISE HIM OR TO SPEAK TO HIM, HE ONLY APPEARED 30 MINUTES BEFORE
  MY BROTHER'S COURT HEARING WHICH IS WHERE HE TOLD MY BROTHER TO PELAD GUILTY, HE
  NEVER SPOKE NOR VISITED MY BROTHER TO ADVICE HIM BEFORE THE HEARINIG. I BELIEVE MY
  BROTHER WAS NOT ADVISED WELL AND HIS LEGAL REPRESENTATION WAS NOT WHAT ANY
  PERSON DESERVES. I BELIEVE MY BROTHER'S LAWYER DID NOT FULLY REPRESENT MY BROTHER
  AND ADVISE HIM TO MAKE THE RIGHT DECISONS, HIS INFORMATION WAS FALSE AND
  MISLEADING, AND HE DID NOT HAVE A VALID LICENSE TO BE ABLE TO PERFORM HIS DUTIES IN
  THE STATE THAT WE WERE HIRING HIM FOR.
- ANOTHER FALSE PROMISE BY MR. ALAMIA WAS THAT HE TOLD ME THAT MY BROTHER WOULD
  SERVE HIS SENTENCE IN HIS HOME STATE, WHICH IS TEXAS, AND MY BROTHER STAYED IN
  GEORGIA AND HAS BEEN SERVING HIS SENTENCE THERE.
- MY BROTHER WAS ALSO ADVISED BY MR. ALAMIA TO GIVE UP HIS RIGHT TO APPEAL HIS CASE,
  SINCE HIS SENTENCED TIME WAS ONLY GOING TO BE 4 TO 5 YEARS, IT WOULD BE UNECESSARY

TO APPEAL THE CASE, AND SO MY BROTHER DID NOT SIGN ANY APPEAL OR DECEIDED TO FURTHER APPEAL THE CASE DUE TO MR. ALAMIA'S ADVICE.

I ALSO TESTIFY THAT I AM WILLING TO BE CALLED UPON AT ANY TIME TO GIVE MY TESTIMONY IN ANY COURT OF LAW. I BEAR WITNESS THAT MY BROTHER IVAN WAS MISLED BY MR. ALAMIA.

THANK YOU FOR YOUR TIME AND CONSIDERATION

ANIBAL ISAI CHAPA

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS THE 9TH DAY OF JUNE OF 2010 BY THE SAID ANIBAL ISAI CHAPA, BY THE NOTARY PUBLIC.

ALEJANDRA RODRIGUEZ
NOTARY PUBLIC
STATE OF TEXAS, COUNTY OF HIDALGO
MY COMM. EXPIRES: 02/19/2013

ALEJANDRA RODRIGUEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. Feb. 19, 2013

AFFIDAVIT OF ANY FACT

STATE OF TEXAS
COUNTY OF HIDALGO
BEFOREME, THE NOTARY PUBLIC, DID PERSONALLY APPEAR EVELIA GONZALEZ CHAPA, WHOM DEPOSED
AND STATED UPON OATH THE FOLLOWING:

I, EVELIA GONZALEZ CHAPA, MOTHER OF IVAN DE JESUS CHAPA GONZALEZ, PRISON NO. 49858179, AM
WRITING THIS LETTER TO STATE THAT I HEREBY SET FORTH THIS AFFIDAVIT AS A TRUE MATERIAL
EVIDENCE BEARING UPON OATH TO BE THE TRUTH AND TRUTH ONLY, FACTS:

- I, EVELIA GONZALEZ CHAPA, DO POSSESS KNOWLEDGE AND KNOWING THIS TO BE TRUE THAT,
  ATTORNEY MR. RICHARD ALAMIA RECEIVED THE AMOUNT OF $45,000 FOR THE LEGAL
  ASSISTANCE OF BEING MY SON'S ATTORNEY IN THE FEDERAL COURT.
- I WAS ASSURED THAT MY SON'S SENTENCE WOULD BE MORE OR LESS 4 OR 5 YEARS THE MOST,
  NOT THE 12 THAT HE WAS SENTENCED FOR.
- I WAS A PERSONAL WITNESS WHEN MY SON ANIBAL ISAI CHAPA WAS TOLD ABOUT MY SON
  IVAN DE JESUS CHAPA GONZALEZ'S STATEMENT, BEING ONLY 4 TO 5 YEARS.
- I WAS A WITNESS OF MR. ALAMIA'S CONVERSATION WITH MY SON ANIBAL ISAI CHAPA IN
  WHICH MR. ALAMIA KEPT REASSURING MY SON THAT THERE WAS GOING TO BE NO NEED FOR
  AN APPEAL TO HIS CASE BECAUSE MY SON'S SENTENCE WAS GOING TO BE SO SHORT. I ALSO
  WITNESSED WHEN HE ADVISED THAT MY SON PLEA GUILTY IN ORDER TO RECEIVE LESS YEARS IN
  HIS SENTENCE, AND THIS WAS NOT A GOOD ADVICE BECAUSE MY SON THEN PLEAD GUILTY AND
  REFUSED HIS RIGHTS TO AN APPEAL. I BELIEVE THIS INFORMATION WAS WRONGFULY ADVICED,
  BEING THAT ALL OF MR. ALAMIA'S ADVICES WERE INCORRECT AND MISLEADING. MY SON WAS
  SENTENCED TO 12 YEARS, AND HAD ALREADY REFUSED HIS RIGHT TO AN APPEAL, SO
  THEREFORE MR. ALAMIA'S ADVICE WAS INACCURATE.
- ANOTHER FALSE PROMISE BY MR. ALAMIA WAS THAT HE TOLD MY SON ANIBAL ISAI CHAPA
  THAT MY SON WOULD SERVE HIS SENTENCE IN HIS HOME STATE, WHICH IS TEXAS, AND MY SON
  STAYED IN GEORGIA AND HAS BEEN SERVING HIS SENTENCE THERE.

I ALSO TESTIFY THAT I AM WILLING TO BE CALLED UPON AT ANY TIME TO GIVE MY TESTIMONY IN ANY
COURT OF LAW. I BEAR WITNESS THAT MY SON IVAN WAS MISLED BY MR. ALAMIA.

THANK YOU FOR YOUR TIME AND CONSIDERATION

*Evelia Chapa*
EVELIA GONZALEZ CHAPA

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS THE 9TH DAY OF JUNE OF 2010 BY THE SAID EVELIA GONZALEZ CHAPA, BY THE NOTARY PUBLIC.


ALEJANDRA RODRIGUEZ
NOTARY PUBLIC
STATE OF TEXAS, COUNTY OF HIDALGO
MY COMM. EXPIRES: 02/19/2013

ALEJANDRA RODRIGUEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. Feb. 19, 2013