

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

AUG 10 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES COURT OF APPEAL FOR THE
ELEVENTH CIRCUIT

Ivan De Jesus Chapa       )
                          )
                          )
    vs                    )      Docket No. 1:10-CV1885-RLV-AJB.
                          )      Criminal No. 1:05-CR-254-RLV-AJB-3.
                          )
United States of America  )
_____)

---

ARGUMENT FOR APPEAL , APPEALING THE DISTRICT COURT ORDER DATED JULY 12th , 2011, AS TO WHETHER Padilla vs Kentucky , U.S 130 S.Ct 1473 ( 2010 ) , ANNOUNCED A NEW RULE OF CRIMINAL PROCEDURE THAT IS RETROACTIVELY APPLICABLE TO CASES ON COLLATERAL REVIEW .

---

Facts, On appeal for assessment and rectification.

A)- Petitioner Chapa's construed 2255 motion was denied on July 12th , 2011 , the Honorable Robert L. Vining Jr , granted certificate of appealability on the issue of whether Padilla vs Kentucky announced a new rule of criminal procedure that is retroactively applicable to cases on collateral review .

B)- Petitioner ascertains that , he has a valid constitutional issue , where a fundamental recognized right to constitutional due process was overlook and violated , that this petitioner suffers prejuice and

( Page 1 of 8 )

deprivation of due process amounting to gross miscarriage of justice.

C)- There are three immigration related post conviction theories that a noncitizen can use to challenge a conviction from a guilty plea . (1) The trial courts failure to comply with state statutory advisals that require a court to advise the defendant of the immigration consequences of the plea .

2)- Defense counsels failure to advise of collateral consequences , or egregious circumstances involving affirmative misadvice by the trial court or the prosecutor regarding such consequences .

3)- Defense counsel's failure to advise a non citizen defendant about the immigration consequences of the conviction , the second and the third are sound proof to petitioner's claim of being prejuidiced .

In Padilla vs Kentucky , the U.S supreme court considered the following issues .

1)- Whether the mandatory deportation consequences that stem from a plea to trafficking in Marijuana an "aggravated felony" under the INA , is a "collateral consequence" of a criminal conviction which relies counsel from any affirmative duty to investigate and advise.

2)- Assuming immigration consequences are "collateral" whether counsel's gross misadvice as to the collateral consequence of deportation can constitute a ground for setting aside a guilty plea which was induced by that faulty advice .

In Padilla vs Kentucky , the supreme court held that defense counsel has an affirmative duty under the Sixth amendment of the U.S constitution to provide competent advice to a non citizen defendant about immigration consequences of a criminal disposition . The court reviewed the sweeping changes to the grounds of deportability and the

( Page 2 of 8 )

limited remnants of discretionary relief that remain in removal proceeding and the court specifically found that "deportation is an integral part indeed , sometimes the most important part of the penalty that may be imposed on non citizen defendants who plead guilty to specified crimes".

It reaffirmed its prior view of the changes brought about by immigration reforms , which included the finding that a non citizen would consider his or her ability to remain in the U.S to be more important than the nature of deportation , the court was not going to classify deportation as either a collateral or direct consequence of a plea .

The court held that silence is not sufficient for counsel to comply with his or her duty to provide effective assistance of counsel to a non citizen facing criminal changes and a defense attorney's failure to provide competent advice about deportation satisfies the first prong of the strickland test . The court did not reach the second prong of the strickland test , whether Mr. Padilla could demonstrate prejuidice , and it remanded his case to the Kentucky court to address this issue in the first instance .

The supreme court also addressed what may be construed as "clear" and "unclear" immigration consequences if defense counsel reviews the grounds of deportability as written in the immigration and nationality act .

In the instant case the terms of the relevant immigration statute are succinct , clear , and explicitin defining the removal consequence for petitioners conviction . See 8 USC . 1227 (a)(2)(b)(1),(any alien who at anytime after admission has been convicted of a violation of or a conspiracy or attempt to violate ) any law or regulation of a state , the United States or a foreign country relating to a control

substance , other than a single offense involving possession for one's own use of 30 grams or less of Marijuana , is deportable . In this instant case, petitioner's counsel Mr. Alamia could have easily determined that petitioners plea could make him eligible for deportation simply from reading the text of the statute , which addresses not some broad .classification of crimes but specifically commands removal for all controlled substances convictions except ˉfor the most trivial of Marijuana possession offenses . Instead petitioner Chapa counsel provided him false assurance that his conviction would not result in his removal from the United States . This is not a hand case in which to find dificiency . The consequences of Chapa'a plea could easily be determined from reading the removal statute , his deportation was presumptively mandatory , and his counsel's advice was incorrect .

The majority opinion recognized that immigration law is a legal specialty and held that where the immigration consequences are not so clear , defense counsel should advise the non citizen that he or she may face adverse immigration consequences .

The supreme court also addressed the reason , why prosecutors should also consider the immigration consequences of specific charges and encouraged defense counsel and prosecutors to consider creativity in the plea bargaining process .

Federal habeas corpus is a process that permits the federal court to vacate a final conviction or sentence or any properly preserved ground of federal constitutional error .

In addiction to the Myraid of constitutional errors that can invalidate a conviction following a trial the following are some of the more common types of errors that may invalidate convictions following guilty pleas .

1)- Failure to secure voluntary knowing and intelligent waivers of the fundamental constitutional rights waived by a plea of guilty or no contest . The court must conduct an on the record colloguy with the defendant , in addition to a written waiver , in order to obtain a valid waiver of the right to jury trial . The waiver of the right to a jury trial is not knowing and voluntary where the nature of the right was not sufficiently explained to the defendant .

2)- The ninth circuit expressly extended the faretta standard to misdemeanor state court crimes , regardless of the fairness of the result , we must continually guard against assembly line justice in which expediency is placed of fundamental fairness .

Federal habeas corpus can raise any claim of violation of a specific provision of the bill of rights and any other error that "so infected the trial with unfairness as to make the resulting conviction a denial of due process" , Donnelly vs Dechristoforos , 416 US. 637, 642. 94. S. Ct 1868, 40. L Ed. 2d 431 (1974), or any other claim of error , if the error was mandated by statute or a well established procedure violated due process because it offended some principle of justice so rooted in the tradition or conscience of our people as to be ranked fundamental , Herrera vs Collins 506 US 390. 113 S. Ct 853. 865 122 L. Ed . 2d . 203 (1993).

Solem vs Stumes 465 US 638, 653. 104 S. Ct 1338, 79 L. Ed. 2d. 579(1984), powell J. concurring for a catalogue of such claims see Liebman and Hertz , federal habeas corpus practice and procedure 9.1 (2d. Ed 1994, and 1997 Cum supp .

US. v Hernandez fraire 208 F. 3d 945 ( 11th Cir 2000 ) court failed to inform the defendant of his right to plead not guilty , his right to the assistance of counsel at trial , his right to confront and

cross examine adverse witness at trial and his right against compelled self incrimination .

Cabberiza v Moore , 217 F. 3d. 1329 11th 2000 Seventh Cir agrees. See Johnson v Zerbst. 304 U.S 458  58 S. Ct 1019, 82 L. Ed. 1461, 146 ALR. 357, (1938). US v Duarte Higareda 113. F 3d. 1000 9th Cir. (1997). US v Martin 704 F. 2d . 267, 273 N.5 (6th Cir 1983), a defendant can hardly be said to make a strategic decision to waive his jury trial right , if he is not aware of the nature  of the right or the consequences of its waiver , US v Delgado 635 F. 2d. 889, 890 (7th Cir (1981), reversing conviction after bench trial where record did not reveal whether defendant understood his right to a jury trial and the consequences of waiver , see also US v Lyons 898 F. 2d 210, 215 . 1st Cir (1990) , a knowing waiver requires that a defendant be fully informed about the right he is waiving .

Petitioner Ivan De Jesus Chapa alleges that , petitioner was prejudiced by counsels misrepresentation . Petitioner will show this court a substantial showing of the denial of petitioners constitutional right , includes showing that reasonable jurist , could debate whether or for that matter , agree that the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further .

Petitioners issue is a constitutional issue which should not be overlooked . The validity of the constitution and its amendments are supposed to be safe guarded from any breach or violations thus whenever there is findings of breach or breaches , whether by attorney's for the defendants or or attorney's for the government , real justice can never be aside or on hold .

( Page 6 of 8 )

## CONSTITUTIONAL QUESTIONS.

A)- Whether Padilla announced a new rule of criminal procedure that is retroactively applicable to cases on collateral review .

B)- Whether a plea is constitutionally valid when the consequences and dangers of that plea was never been explained to the defendant by the attorney of the defendant .

C)- Whether counsel's failure not to inform petitioner of the immigration consequences affected the out come of petitioners sentence and his chances to remain in the United States .

Petitioner avers that , his construed 2255 motion and all the supported documents and Exhibited affidavits in support of his argument are material evidence for the courts , findings of a substantial showing of a constitutional denial of petitioner right to due process .

It was the duty and obligation of counsel to inform petitioner of the consequences and the dangers of the plea .

## CONCLUSION

Petitioner respectfully move this court of appeal to review and assess all of applelant documents under case No. 1:10CV-CV1885-RLV-AJB.

( Page 7 of 8 )

Please see appelant Chapa's attached affidavit and family affidavits .

Relief sought that the court of appeal make their findings with instruction to meet the ends of justice .

Sworn to and subscribed before me , a Notary Public on this day 29 of July 2011. As a True Document bearing upon Oath and under the full penalty of perjury to be True , Correct and Certain ./

_____
Notary Public

STEPHANIE PEACOCK
Notary Public, Georgia
Dodge County
My Commission Expires
January 10, 2014

_____
Ivan De Jesus Chapa
Reg No. 49858-179
McRae Correctional Facility
P.O Drawer 30
McRae, GA 31055.-

( Page 8 of 8 )

## CERTIFICATE OF SERVICE

I, Ivan De Jesus Chapa, hereby certify that on this day 29th of JULY 2011. I personally mailed a legal mail to the United States District Court for the Northern District of Georgia , the enclosed are argument for appeal , appealing the courts denial of appelant 2255 motion and attached affidavits .

Respectfully Presented ,

Ivan De Jesus Chapa
Reg No. 49858-179.
McRae Correctional Facility
P.O Drawer 30
McRae, GA 31055.-

( Page 1 of 1 )